# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

CS AND SONS CORPORATION,

    **Plaintiff,**

-vs-                                              Case No. 2:11-cv-689-FtM-29DNF

CITY OF FORT MYERS; LAURIE
VICTORY, City of Fort Myers Purchasing;
GRANT ALLEY, City Attorney; SAEED
KAZEMI, City of Fort Myers Engineering;
ARMADILLO UNDERGROUND, INC.;
and GULF PAVING COMPANY, INC.,

    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    The Plaintiff, CS and Sons Corporation ("CS and Sons") filed a Complaint (Doc. 1) on December 9, 2011. The Plaintiff filed a claim under 28 U.S.C. §1981 for racial discrimination. The action was brought by James Sheard as the owner of CS and Sons. On February 7, 2012, the Court entered an Order (Doc. 4) striking the Complaint. The Court informed the Plaintiff that pursuant to 28 U.S.C. §1654, a party may appear and conduct their own cases personally. However, a lay person is not permitted to represent any other person or entity. *United States of America v. Blake Medical Center*, 2003 WL 21004734, *1 (M.D. Fla. 2003). Non-natural persons or artificial entities such as corporations, partnerships, and associations, may appear in federal court only through licensed counsel. *Id*., (citing, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993)), see also, Local Rule 2.03(e). The Court struck the Complaint, and CS and Sons was required to retain counsel

to represent it, and to file a new Complaint. The Court entered a second Order (Doc. 5) on March 6, 2012, allowing the Plaintiff twenty-one (21) days to retain counsel. This Order was entered so that the Court was assured that the Plaintiff received the prior Order. The Plaintiff failed to respond to these two Orders.

On April 2, 2012, the Court entered an Order to Show Cause requiring CS and Sons to show good cause why this action should not be dismissed for failure to comply with the prior Orders of the Court, and for failure of CS and Sons to retain counsel to represent it and file an Amended Complaint. The Court cautioned that pursuant to Local Rule "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." M.D. Fla. L.R. 3.10. By failing to comply with Court Orders, the Plaintiff was not prosecuting its case.

On April 18, 2012, the Court received a letter from Polly James Baker, the daughter of James Sheard. Ms. Baker asked for a thirty (30) day extension of time to retain counsel for CS and Sons. On April 19, 2012, the Court entered and Order (Doc. 10) granting the thirty (30) day extension of time, but again cautioned the Plaintiff, that if the Plaintiff failed to retain counsel within this time period, the Court would recommend that this action be dismissed for failure to prosecute. The thirty (30) day time period passed, and the Court entered another Order to Show Cause (Doc. 11) on May 30, 2012 again allowing CS and Sons an additional thirty (30) days in which to show good cause why this case should not be dismissed for failing to retain counsel and filing an Amended Complaint. The time period has passed, and CS and Sons has failed to comply with the most recent Order to Show Cause (Doc. 11).

**IT IS RESPECTFULLY RECOMMENDED:**

This action be dismissed for failure to prosecute, failure to comply with Court Orders, and the failure of the CS and Sons to retain counsel and file an Amended Complaint.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this   10th   day of July, 2012.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record